**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-255-S**

**PAULINE HUDSON**                                                                                         **PLAINTIFF**

v.

**JEFFERSON COUNTY PUBLIC AND TARC BUS SERVICE**               **DEFENDANT**

**MEMORANDUM OPINION**

      Plaintiff, Pauline Hudson, filed this *pro se* civil action against Jefferson County Public and Tarc Bus Service. Because the Court lacks subject matter jurisdiction over the action, it will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

**I. SUMMARY OF CLAIMS**

      Plaintiff used a court-supplied general complaint form to initiate this lawsuit. Under the section of the form directing Plaintiff to state the grounds for filing her case in federal court (including any federal and/or U.S. Constitutional provisions), Plaintiff states: "Injury to Pauline Hudson so much having to go to doctor and will have to have surgery. Stolen funds when riding on Gray Hound and City Bus. Public Putting one to sleep in order to steal money and anything in purse." As relief Plaintiff seeks the following: "I pray to God that I be able to get help so as to continue to do volunteer work and to live long enough to locate son and to visit the Hudson family."

## II.  ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-549 (6th Cir. 2006)).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met her burden of establishing this Court's jurisdiction.  She cites to no specific federal law as the grounds for filing this case in federal court.  She thus fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff additionally fails to establish diversity jurisdiction as she has neither demonstrated complete diversity of citizenship with Defendants nor alleged the requisite amount in controversy as required under 28 U.S.C. § 1332.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less

stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

      As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the instant action will be dismissed by separate order.[1]

Date:

cc:    Plaintiff, *pro se*

4411.008

---

[1] Plaintiff's allegations are also factually and legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of the complaint is also appropriate on that basis under 28 U.S.C. § 1915(e)(2)(B)(i).

3